**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC MACON,

       Petitioner,                      Civil No. 05-CV-60263-AA
                                        HONORABLE JOHN CORBETT O'MEARA
v.                                  UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

       Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

     Eric Macon, ("Petitioner"), presently confined at the Newberry Correctional

Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions

for first-degree felony murder, M.C.L.A. 750.316; assault with intent to rob while armed,

M.C.L. A. 750.89; carrying a concealed weapon, M.C.L.A. 750.227, and possession of a

firearm during the commission of a felony, M.C.L. A. 750.227b. Petitioner has now filed

a motion to hold the petition in abeyance to permit him to return to the state courts to

present newly discovered evidence which would support additional claims that are not

included in his current habeas petition. For the reasons stated below, the Court will hold

the petition in abeyance and will stay the proceedings under the terms outlined below in

the opinion to permit petitioner to return to the state courts to exhaust his additional

claims, failing which the petition shall be dismissed without prejudice. The Court will

1

also administratively close the case.

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the

Saginaw County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v.*

*Macon,* 238439 (Mich.Ct.App. May 13, 2003); *lv. den.* 469 Mich. 951; 671 N.W. 2d 50

(2003).

Petitioner thereafter filed a post-conviction motion for relief from judgment

pursuant to M.C.R. 6.500, *et. seq.*  After the motion was denied by the trial court, the

Michigan appellate courts denied petitioner leave to appeal. *People v. Macon,* 257609

(Mich.Ct.App. April 7, 2005); *lv. den.* 474 Mich. 902; 705 N.W. 2d 125 (2005).

On November 5, 2005, petitioner filed a petition for writ of habeas corpus, in

which he seeks habeas relief on the grounds that he raised in the Michigan courts on his

direct appeal and in his post-conviction motion.  Petitioner has now filed a motion to hold

the habeas petition in abeyance so that he can return to the Saginaw County Circuit Court

and the Michigan appellate courts to present newly discovered evidence to support a

claim of prosecutorial misconduct involving a failure to disclose exculpatory evidence to

petitioner and possibly other claims as well.

## II.  Discussion

A federal district court has the authority to abate or dismiss a federal habeas action

pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d

491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and hold a habeas

petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court is aware that petitioner has already filed one post-conviction motion in the Michigan courts. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner contends that he has newly discovered evidence that the prosecutor failed to disclose a leniency agreement that it had with one of his witnesses, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). It is unclear whether petitioner is also alleging that appellate or trial counsel was ineffective for failing to discover this evidence. Because there is some likelihood that the Michigan courts might permit petitioner to file a second

3

post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to petitioner filing such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. *See Banks,* 149 Fed. Appx. at 419-20.

The Court will therefore grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to attempt to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for sixty days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

As indicated above, petitioner's method of properly exhausting his claim or claims in the state courts would be through filing a second motion for relief from judgment with the Saginaw County Circuit Court under M.C.R. 6.502(G)(2).  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a post-conviction motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to

**CLOSE** this case for statistical purposes only.  Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v.*

*Bock,* 207 F. Supp. 2d at 677.


                                  s/John Corbett O'Meara
                                  John Corbett O'Meara
                                  United States District Judge


Dated:  January 24, 2006