UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MACON,

    Petitioner,                      Civil No. 05-CV-60263-AA
                                        HONORABLE JOHN CORBETT O'MEARA
v.                                      UNITED STATES DISTRICT JUDGE

BARRY DAVIS,

    Respondent,
_____/

**<u>OPINION AND ORDER GRANTING MOTION TO REINSTATE HABEAS PETITION, AMENDING THE CAPTION, AND ORDER THAT THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.</u>**

On January 24, 2006, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his habeas petition. On December 26, 2006, petitioner re-submitted his petition for writ of habeas corpus. The petition was mistakenly given a new case number and assigned to Chief Judge Bernard A. Friedman, who dismissed the matter without prejudice, because it was duplicative of petitioner's previously filed habeas application. *Macon v. Davis,* U.S.D.C. No. 06-15715 (E.D. Mich. January 4, 2007). The Clerk of the Court has filed petitioner's re-submitted habeas petition with the docket in petitioner's previously filed habeas action. *Macon v. Trombley,* U.S.D.C. No. 05-CV-60263-AA [Dkt. Entry # 10, dated December 26, 2006].

1

This Court construes petitioner's re-filed petition as a request to reinstate his habeas petition to the active docket. For the reasons stated below, the Court will reinstate the habeas petition to the active docket. The Court will also amend the caption to reflect the name of petitioner's current warden, Barry Davis. The Court will also order that the Clerk of the Court serve a copy of the petition for writ of habeas corpus that was filed on December 26, 2006 upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a responsive pleading to the petition and the Rule 5 materials within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the petition for writ of habeas corpus be reinstated to the active docket.

The Court will further amend the caption of the case to reflect that petitioner's current warden is Barry Davis.

The Court will further order that the Clerk of the Court serve a copy of the habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the habeas petition within one hundred and eighty days of the Court's order.  A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.  "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses.  Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

**<u>ORDER</u>**

3

Based on the foregoing, the motion to reinstate the habeas petition to the Court's active docket is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption of the case be amended to reflect that the proper respondent in this case is Barry Davis.

**IT IS FURTHER ORDERED** That the Clerk of the Court serve a copy of the petition for writ of habeas corpus filed with this Court on December 26, 2006 [Court Dkt Entry # 10] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer and produce the entire state court record within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

s/John Corbett O'Meara
United States District Judge

Dated: January 11, 2007