**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIC MACON,

     Petitioner,                              Civil No. 05-CV-60263-AA
                                            HONORABLE JOHN CORBETT O'MEARA
v.                                        UNITED STATES DISTRICT JUDGE

BARRY DAVIS,

     Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR IMMEDIATE CONSIDERATION, THE MOTION FOR ACCESS TO RECORDS, AND THE MOTION REQUESTING DATE FOR FILING RESPONSE TO ALLEGATIONS IN THE PETITION

       On January 24, 2006, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his habeas petition. On January 11, 2007, this Court reinstated the petition for writ of habeas corpus on petitioner's motion. The Court further ordered respondent to file an answer to the petition and the Rule 5 materials within 180 days of the order. On July 11, 2007, the respondent filed an answer to the petition and the Rule 5 materials. Petitioner has now filed a motion for immediate consideration, a motion for access to records, and a motion requesting a date for filing response to the allegations in the petition. For the reasons stated below, the motions are DENIED.

       The Court will deny petitioner's motion for immediate consideration. In the

1

present case, petitioner has failed to show good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition, because petitioner has shown no undue delay or that any delay had been or would be highly prejudicial to him. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner merely argues that his current sentence is illegal. Petitioner's request and attack on his sentence "differs little from the vast majority of habeas petitions" that are filed with the court. *Id.* Petitioner has shown nothing which would separate his habeas application from the petitions that preceded it. *Id.* Petitioner has failed to demonstrate that his petition has such merit that expedited consideration is warranted. *Castillo,* 162 F. Supp. 2d 576. Accordingly, petitioner's motion for immediate consideration is denied without prejudice at this time.

Petitioner has also filed a motion for access to records, which is basically a motion for discovery. Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.*

2

A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Burns v. Lafler,* 328 F. Supp. 2d at 718.

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460.

In the present case, petitioner requests a copy of a forensic psychiatry report which was prepared on the issue of petitioner's criminal responsibility and diminished capacity. Petitioner claims that this evidence will support his claims of ineffective assistance of counsel, prosecutorial misconduct, "police corruption" and unfairness. Petitioner does not offer any argument as to why the forensic report will assist him in proving his claims. Because petitioner's discovery request is conclusory and appears to be nothing more than a "fishing expedition," the Court will deny his motion without prejudice at this time.

Finally, petitioner has filed a motion requesting a date for respondent to file a response to the petition. The Court, in fact, did set a date for the responsive pleadings to be filed when it reinstated the petition for writ of habeas corpus. Respoindent filed a response on July 11, 2007. Therefore, this motion is moot. To the extent that petitioner is requesting a default judgement on the grounds that the respondent's answer may have been a day or two late, the Court is without power to grant petitioner a default judgment because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d

758, 761 (E.D. Mich. 2001).

**IT IS HEREBY ORDERED** that the motion for immediate consideration [Dkt. Entry # 39], the motion for access to records [Dkt. Entry # 40], and the motion requesting date for filing response to allegations in the petition [Dkt. Entry # 42] are denied.

s/John Corbett O'Meara
United States District Judge

Date: January 11, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 11, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager