UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERIC MACON,

        Petitioner,

v.                                  CASE NO. 05-CV-60263
                                    HONORABLE JOHN CORBETT O'MEARA

BARRY DAVIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO AUTHORIZE PROCEDURES TO RESOLVE FACTUAL DISPUTE

This matter is before the Court on Petitioner's "Motion to Authorize Procedure to Resolve Factual Dispute: Evidentiary Hearing, Employment of Experts, and Investigators." Petitioner asks the Court to conduct an evidentiary hearing and to appoint an expert, an investigator, and/or legal counsel to resolve issues relevant to his ineffective assistance of trial and appellate counsel claims.

Petitioner first requests an evidentiary hearing. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Respondent has filed an answer to the habeas petition, as well as the required state court documents. Petitioner has also filed a reply to that answer. The Court, however, has yet to fully

1

review those materials. Petitioner's request for an evidentiary hearing is thus premature and shall be denied pending further consideration of this case.

Petitioner also seeks appointment of an expert on a firearm issue. This Court has discretion to appoint an expert witness for good cause shown. *See* 28 U.S.C. foll. § 2254, Rules 6(a). Petitioner has not shown good cause at this time, but the Court will bear in mind his request upon further review of the record.

Petitioner also seeks appointment of counsel and/or an investigator to assist him with his case. It is well-established that habeas petitioners have no absolute right to be represented by legal counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Habeas petitioners similarly have no constitutional right to appointment of an investigator, *see, e.g., Smith v. Anderson*, 104 F. Supp. 2d 773, 819 (S.D. Ohio 2000), and such an appointment is at the Court's discretion. *See, e.g., United States ex rel. Marcelin v. Mancusi*, 462 F.2d 36, 46 (2d Cir. 1972) (upholding district court's refusal to appoint investigator at government expense in habeas proceeding). Petitioner has already submitted his habeas petition raising several grounds for relief, as well as a reply to Respondent's answer. Petitioner has not shown that counsel or an investigator is necessary at this time. Neither an evidentiary hearing nor discovery are currently necessary, and the interests of justice do not

require appointment of counsel or an investigator.  *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion.  The Court will bear in mind Petitioner's requests upon further review of this case and will take appropriate action should the Court determine that an evidentiary hearing or the appointment of an expert, investigator, or counsel is warranted.  Petitioner need not file any additional motions regarding these matters.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  December 22, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 22, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager