UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MACON,

        Petitioner,

v.                           CASE NO. 05-CV-60263
                              HONORABLE JOHN CORBETT O'MEARA

BARRY DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.    **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Eric

Macon ("Petitioner") was convicted of first-degree felony murder, assault with intent to rob

while armed, carrying a concealed weapon ("CCW"), and possession of a firearm during the

commission of a felony ("felony firearm") following a jury trial in the Saginaw County Circuit

Court in 2001. He was sentenced to life imprisonment without the possibility of parole on the

murder conviction, a concurrent term of life imprisonment on the assault conviction, a

concurrent term of two to five years imprisonment on the CCW conviction, and a consecutive

term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner

raises claims concerning the jury instructions, prosecutorial misconduct, double jeopardy, the use

of perjured testimony, the denial of the jury's request for transcripts, the sufficiency of the

evidence for felony murder, the non-disclosure of evidence, and the effectiveness of trial and

1

appellate counsel.  Respondent, through the Michigan Attorney General's office, has filed an answer to the petition contending that it should be denied.  For the reasons set forth herein, the Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.    Facts and Procedural History

Petitioner's convictions arise from an armed robbery which resulted in the death of Ornial Henderson on the stairwell of an apartment building in Saginaw, Michigan on August 14, 2000.  This Court accepts and incorporates the statement of facts contained in Respondent's answer to the petition as derived from the prosecution's brief on direct appeal, *see* Ct. Dkt. Doc. #16, pp. 6-12, insofar as those facts are consistent with the record.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that: (1) the trial court failed to instruct the jury that a gun's accidental discharge could not be the basis for felony murder, (2) the prosecutor improperly appealed to the jury's sympathy and denigrated the defense and counsel was ineffective for failing to object, (3) his convictions for felony murder and the predicate felony violate double jeopardy, (4) trial counsel was ineffective for failing to investigate self-defense and accident, and (5) the prosecution denied him a fair trial by knowingly using perjured testimony.  The court vacated Petitioner's assault conviction and sentence on double jeopardy grounds, but affirmed his other convictions and sentences.  *See People v. Macon*, No. 228439, 2003 WL 21079795 (Mich. Ct. App. May 13, 2003) (unpublished).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied.  *See People v. Macon*, 469 Mich. 951, 671 N.W.2d 50 (2003).

2

Petitioner subsequently filed a motion for relief from judgment in the state trial court asserting that: (1) the prosecutor engaged in misconduct during closing arguments and rebuttal and counsel was ineffective for failing to object, (2) the trial judge erred in denying the jury's request for transcripts and counsel was ineffective for failing to object, (3) the prosecution presented insufficient evidence of felony murder, and (4) appellate counsel was ineffective for failing to raise these claims on direct appeal.  The trial court denied relief on the merits of the claims.  *See People v. Macon*, No. 00-019048-FC-1 (Saginaw Co. Cir. Ct. Aug. 4, 2004). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitled to relief under MCR 6.508(D)."  *See People v. Macon*, No. 257609 (Mich. Ct. App. April 7, 2005) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme Court was similarly denied.  *See People v. Macon*, 474 Mich. 902, 705 N.W.2d 902 (2005).

On November 16, 2005, Petitioner filed his initial petition for a writ of habeas corpus with this Court raising several claims of error.  Upon Petitioner's motion, the Court held the case in abeyance so that he could return to the state courts to exhaust additional issues.

Petitioner then filed a second motion for relief from judgment in the state trial court asserting that: (1) the prosecutor failed to disclose evidence of deal given to a prosecution witness and (2) that appellate counsel was ineffective for not raising issues of prosecutorial misconduct on appeal and trial counsel was ineffective for failing to prepare a defense.  The trial court denied relief on the claims finding that the prosecutorial misconduct and ineffective assistance of appellate counsel issues could have been raised in Petitioner's prior motion and Petitioner did not establish good cause for his failure to do so and finding that the ineffective

assistance of trial counsel issue was previously raised and denied. *See People v. Macon*, No. 00-019048-FC-1 (Saginaw Co. Cir. Ct. March 16, 2006). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction under MCR 6.502(G). *See People v. Macon*, No. 269753 (Mich. Ct. App. April 27, 2006) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme Court was similarly denied. *See People v. Macon*, 477 Mich. 908, 722 N.W.2d 853 (2006).

Petitioner thereafter moved to re-open this federal habeas action, raising the following claims as grounds for relief:

I.   He was denied due process and a fair trial when the trial court failed to instruct the jury that the accidental discharge of a gun cannot be the basis for a felony murder conviction.

II.   The prosecutor engaged in misconduct by appealing to the jury's sympathy and denigrating the defense and counsel was ineffective for failing to object.

III.   His convictions for felony murder and the predicate felony violate double jeopardy.

IV.   Trial counsel was ineffective for failing to investigate self-defense and accident.

V.   The prosecution denied him a fair trial by knowingly using perjured testimony.

VI.   The prosecutor engaged in misconduct in closing arguments and rebuttal and trial counsel was ineffective for failing to object.

VII.   The trial court erred by refusing the jury's request for transcripts and trial counsel was ineffective for failing to object.

VIII.   The prosecution presented insufficient evidence that he caused the death of the victim during a robbery.

IX.   Appellate counsel was ineffective for failing to raise the above issues on direct appeal.

4

X.      The prosecution failed to disclose evidence of a deal given to a
        prosecution witness.

The Court granted Petitioner's motion and reinstated the case on January 11, 2007.  Respondent

has since filed an answer to the petition, as amended, asserting that habeas relief should be

denied because the claims are barred by procedural default and/or lack merit.

## III.   <u>Analysis</u>

### A.   <u>Standard of Review</u>

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable
>          application of, clearly established Federal law, as determined by the
>          Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination
>          of the facts in light of the evidence presented in the State court
>          proceeding.

28 U.S.C. §2254(d) (1996).

 "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

5

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness

6

on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption

with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.

1998).

    **B.**    **Jury Instruction Claim**

       Petitioner first asserts that he is entitled to habeas relief because the trial court failed to

instruct the jury that the accidental discharge of a gun could not provide the basis for a felony

murder conviction.  Respondent contends that this claim is barred by procedural default.  This

Court agrees.

       Federal habeas relief may be precluded on claims that a petitioner has not presented to

the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433

U.S. 72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails

to comply with a state procedural rule, the rule is actually relied upon by the state courts, and

the procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th

Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v.

Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001).  "A procedural default does not bar consideration

of a federal claim on either direct or habeas review unless the last state court rendering a

judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural

bar."  *Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment

should be used to make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing

court relied upon the last reasoned opinion.  *Id.*

       Here, the Michigan Court of Appeals rendered the last reasoned opinion.  In dismissing

this claim, the court relied upon a state procedural bar -- Petitioner's acceptance of the jury instructions given at trial. *See Macon*, 2003 WL 21079795 at *1 (stating that claim was waived because Petitioner stated that he had no objection to the instructions as given).  Such a waiver/failure to object is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carter*, 462 Mich. 206, 215, 612 N.W.2d 144 (2000); *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  The Michigan Court of Appeals solely refused to consider Petitioner's jury instruction claims based upon his failure to contest those instructions at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse this procedural default.  A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes that Petitioner cannot establish prejudice as this claim lacks merit.  In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned.  Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431

8

U.S. 145, 154 (1977).  If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly.  *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999).  A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record.  *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).

Additionally, the failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair.  *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995).  A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense theory to the jury.  *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995).  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  *Henderson*, 431 U.S. at 155.  State law instructional errors rarely form the basis for federal habeas corpus relief.  *See Estelle*, 502 U.S. at 71-72.

Petitioner has not shown that the jury instructions rendered his trial fundamentally unfair.  The record reveals that the trial court properly instructed the jury on the elements of the charged offenses and lesser offenses, and those instructions were consistent with the standard jury instructions.  Further, the trial court instructed the jury on accident, self-defense, claim of right, and intoxication.  Where, as here, the instructions as a whole adequately convey the elements of the offenses and the defense theory of the case to the jury, a petitioner is not entitled to habeas relief based on the trial court's failure to give a specific instruction.  *See, e.g.*, *Rodriguez v. Young*, 906 F.2d 1153, 1166 (7th Cir. 1990).  The trial court's instructions as

9

given, even if imperfect, did not deny Petitioner a fair trial.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His jury instruction claim is thus barred by procedural default, otherwise lacks merit, and does not warrant federal habeas relief.

## C.     **Prosecutorial Misconduct Claim/Ineffective Assistance of Counsel Claims**

Petitioner next asserts that the prosecutor engaged in misconduct by appealing to the jury's sympathy for the victim and by denigrating the defense. He relatedly asserts that trial counsel was ineffective for failing to object. Respondent contends that the prosecutorial misconduct claims are barred by procedural default and that Petitioner has failed to establish that counsel was ineffective.

As previously discussed, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See* discussion *supra*. Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a

waiver of state procedural default rules.  *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007);

*Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th

Cir. 2000).  Nor does a state court fail to sufficiently rely upon a procedural default by ruling on

the merits in the alternative.  *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).  The

Michigan Court of Appeals denied relief on the prosecutorial misconduct claims based upon

Petitioner's failure to object at trial.  *See Macon*, 2003 WL 21079795 at *1.  Petitioner must

therefore establish cause and prejudice to excuse his default, or show that a miscarriage of

justice has occurred.

Petitioner alleges ineffective assistance of trial counsel as cause to excuse this

procedural default.  In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States

Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has

received the ineffective assistance of counsel.  First, a petitioner must  prove that counsel's

performance was deficient.  This requires a showing that counsel made errors so serious that he

or she was not functioning as counsel as guaranteed by the Sixth Amendment.  Second, the

petitioner must establish that the deficient performance prejudiced the defense.  Counsel's

errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside

the wide range of professionally competent assistance" to prove deficient performance.  *Id.* at

690.  A habeas court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The

court must recognize that counsel is strongly presumed to have rendered adequate assistance

and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at

690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner cannot establish that trial counsel was ineffective or that he was prejudiced so as to excuse his default because his prosecutorial misconduct claims lack merit. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of

12

improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused.  *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)).  "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'"  *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Petitioner first asserts that the prosecutor appealed to the jury's sympathy by noting that the deceased had lost an arm in Vietnam and by repeatedly referring to him as the "victim" or a "walking victim."  A prosecutor may not make remarks "calculated to incite the passions and prejudices of the jurors."  *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991).  The prosecutor in this case did not improperly appeal to juror sympathy by referring to Ornial Henderson as the victim – given that Henderson was killed during the incident at issue. Moreover, any references to Henderson's lost arm were not improper when considered in context and, in any event, were not so flagrant as to deprive Petitioner of a fair trial.

Petitioner also claims that the prosecutor denigrated the defense by referring to his testimony as "a story," nonsense, a lie, and a "bunch of malarkey."  It is clearly inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel.  *See, e.g., United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996).  However, a prosecutor may argue from the facts that a witness, including a defendant, is or is not worthy of belief.  *See Portuondo v. Agard*, 529 U.S. 61, 69 (2000).  "Where there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying."  *United States v. Collins*, 78

13

F.3d 1021, 1040 (6th Cir. 1996). The prosecutor in this case argued that Petitioner was not worthy of belief and that his guilt had been established beyond a reasonable doubt based upon the evidence. Petitioner has failed to demonstrate that the prosecutor's argument was improper or that it rendered his trial fundamentally unfair.

Further, to the extent that any of the prosecutor's comments could be seen as improper, they were not so flagrant as to deprive Petitioner of a fair trial. Moreover, potential prejudice was alleviated by the trial court's instructions, which stated that the attorneys' comments were not evidence, that Petitioner was innocent until proven guilty, and that the prosecution had the burden of proving guilt beyond a reasonable doubt. *See, e.g., Russ v. Stegall*, 2000 WL 791753, *4 (E.D. Mich. June 8, 2000). Petitioner has thus failed to establish that trial counsel was ineffective or that his prosecutorial misconduct claims have merit so as to establish cause and prejudice to excuse his procedural default. Petitioner has also not shown that a fundamental miscarriage of justice has occurred. *See* discussion *supra*. His prosecutorial misconduct claims are thus barred by procedural default and lack merit, as does his ineffective assistance of counsel claim. Habeas relief is not warranted.

### D.   Double Jeopardy Claim

Petitioner next asserts that he is entitled to habeas relief because his convictions for felony murder and the predicate felony of assault with intent to rob while armed violate double jeopardy. Respondent contends that habeas relief is not warranted on this claim because the state appellate court granted relief on this issue and vacated Petitioner's conviction and sentence for assault with intent to rob while armed. This Court agrees. The record shows that the Michigan Court of Appeals has vacated Petitioner's conviction and sentence for assault with

intent to rob while armed, which was the felony for his felony murder conviction. *See Macon*, 2003 WL 21079795 at *2-3. This Court cannot grant any further relief. Accordingly, this claim is denied.

### E.     Ineffective Assistance of Trial Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to adequately investigate, prepare, and present his defenses of accident and self-defense. Respondent contends that this claim lacks merit. As noted, in order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test of *Strickland*, 466 U.S. at 687-94, and demonstrate that defense counsel's performance was deficient and that he was prejudiced by counsel's conduct. *See* discussion *supra*.

The Michigan Court of Appeals denied relief on this claim, stating: "The record does not support defendant's claim that expert testimony would have aided his defense, that an investigator would have discovered facts that were useful to the defense, or that defense counsel "did nothing" to investigate the case. Therefore, defendant has not demonstrated ineffective assistance of counsel on this basis." *Macon*, 2003 WL 21079795 at *2. This decision is neither contrary to *Strickland* nor an unreasonable application thereof.

It is well-established that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007) ; *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "American Bar Association standards ... also mandate counsel's duty to investigate all

15

leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987); *see also Rompilla v. Beard*, 543 U.S. 374, 387 (2005) (noting that the ABA standards provide guidance for determining the reasonableness of counsel's conduct). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns*, 395 F.3d 251 at 258. Inattention or negligence, as opposed to reasoned strategic judgment, is inexcusable. *See Wiggins*, 539 U.S. at 526; *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

Petitioner, however, has not established that defense counsel was deficient. As to the issue of a firearms expert, he has not shown what evidence a firearms expert would have uncovered to support his defense. He alleges that a firearms expert "could have explained how the semi-automatic gun could be accidentally discharged," *see* Pet. 6/13/03 Affidavit, but has not presented an affidavit from any such expert to support his own assertions. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3d Cir. 1991) (bald assertions do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Furthermore, defense counsel presented the accident defense through Petitioner's own testimony and may have reasonably determined that expert evidence was unnecessary and/or would not have benefitted the defense.

Petitioner has similarly failed to demonstrate that counsel was deficient for failing to investigate and present two lay witnesses, Walterine Bell and Barbara Brown, who were residents of the apartment complex where the crime occurred. As to Bell, Petitioner asserts that

16

she "went inside the apartment the police later searched for items that were removed from the deceased by James Grimmett" and was never interviewed by counsel. *See* Pet. 6/13/03 Affidavit. Petitioner neither alleges nor establishes that counsel was aware of Bell or that Bell would have provided testimony favorable to the defense. He has also not submitted an affidavit from Bell outlining any proposed testimony. Conclusory allegations are insufficient to warrant habeas relief. *See Workman*, 160 F.3d at 287.

As to Brown, Petitioner asserts that she "was one of the defense witnesses but was never called to testify to important information critical to [his] guilt or innocence." *See* Pet. 6/13/03 Affidavit. Petitioner submits an affidavit from Brown, dated July 22, 2008, which states that she witnessed an assault on Petitioner one day prior to the shooting. Brown explains that she witnessed "Donnie Grimmett chase Petitioner while using curse words with something in his hand saying when I catch you, your head will be in the river." Brown also states that she was at the courthouse during trial, but was never called to testify. *See* Brown 7/22/08 Affidavit.

Decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). When making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. Petitioner has not rebutted this presumption. According to Petitioner, trial counsel was aware of Ms. Brown, but chose not to produce her at trial. Counsel may have reasonably decided not to call her because her testimony was marginally relevant as it

17

involved events prior to the incident in question and/or was cumulative to other testimony.

Counsel may have decided that Brown's testimony would have been more harmful than

beneficial to the defense, or had some credibility issues.  Petitioner has failed to show that

counsel was deficient or that he was prejudiced by counsel's conduct given the evidence

presented at trial.  The fact that trial counsel's strategy was ultimately unsuccessful does not

mean that counsel was ineffective.  *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir.

2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a

defendant's trial counsel were reasonable, even if mistaken").  Habeas relief is not warranted.

### F.   Perjured Testimony Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution

knowingly presented perjured testimony.  The Michigan Court of Appeals set forth the relevant

facts for this claim as follows:

> Defendant's argument seems to refer to two separate instances. First, defendant
> refers to the preliminary examination when a witness, Don Grimmett, denied
> seeing defendant in the days before the incident. Defendant has attached to his
> brief a page from what purports to be a transcript of a statement by Grimmett in
> which he states that he saw defendant the night before the incident and "cussed
> [him] out." Although this line of inquiry was not presented at trial, defendant
> claims that the allegedly perjured testimony at the preliminary examination
> affected the bindover. Second, defendant refers to allegedly false trial testimony
> by James Grimmett that defendant left the apartment before Don Grimmett and
> the decedent. Defendant has attached a page from what purports to be a
> statement by James Grimmett in which he states that the decedent, Don
> Grimmett and defendant left the apartment together.

*Macon*, 2003 WL 21079795 at *2.  Respondent contends that this claim lacks merit.

To prevail on a claim that a conviction was obtained by evidence that the government

knew or should have known to be false, a defendant must show that the statements were

actually false, that the statements were material, and that the prosecutor knew they were false.

18

*See Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1998) (citing *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)).  The burden is on the defendant to show that the testimony was actually perjured.  *Id*.  Furthermore, the knowing use of false or perjured testimony constitutes a denial of due process only "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Coe*, 161 F.3d at 343.

The Michigan Court of Appeals acknowledged that a prosecutor may not knowingly present false testimony, but concluded that the record did not support this claim and denied relief on this claim.  The court explained that "mere inconsistencies between a witness's trial testimony and a prior statement do not establish entitlement to relief, particularly where there is no showing that the prosecutor attempted to conceal the contents of the previous statements from the defense."  *Macon*, 2003 WL 21079795 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts.  Petitioner has failed to establish that the witness's trial testimony was false, rather than merely inconsistent.  The fact that a witness contradicts himself or changes his story does not establish perjury.  *See United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998); *United States v. Lebon*, 4 F.3d 1, 2 (1st Cir. 1993).  More importantly, Petitioner has failed to show that the prosecutor knowingly presented false information.  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See, e.g., Workman*, 160 F.3d at 287.  Habeas relief is not warranted on this claim.

### G.     Prosecutorial Misconduct/Ineffective Assistance of Counsel Claims

Petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct during closing arguments and rebuttal. Specifically, Petitioner claims that the prosecutor improperly bolstered the credibility of Donald Grimmett by telling the jury that his testimony was supported by Shirley Johnson. Petitioner relatedly asserts that trial counsel was ineffective for failing to object to such conduct. Respondent contends that these claims are barred by procedural default because they were first raised on collateral review and contends that they otherwise lack merit.

The Court agrees with Respondent that Petitioner did not raise these claims on direct appeal of his convictions, but first presented them to the state courts in his first motion for relief from judgment. The Court, however, disagrees with Respondent's contention that these claims are barred by procedural default. As discussed *supra*, the doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *See White*, 431 F.3d at 524; *Howard*, 405 F.3d at 477. Procedural default does not bar consideration of a claim on habeas review, however, unless the last explained state court decision "clearly and expressly" rests upon a state procedural bar. *See Harris*, 489 U.S. at 263; *see also Ylst*, 501 U.S. at 803-05.

In this case, the trial court denied these claims on their merits in denying Petitioner's first motion for relief from judgment. The Michigan appellate courts then denied Petitioner leave to appeal for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Because the trial court resolved the claims on the merits and the appellate courts did not specify that they were relying upon the procedural component of Michigan Court Rule 6.508(D), this Court finds that the state courts did not clearly and expressly rely upon a

20

procedural bar. *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007), *cert. den.* _ U.S. _,
128 S. Ct. 1897 (2008) (ruling that it may be appropriate to look to the trial court's decision
denying a motion for relief from judgment to determine whether the state appellate courts
clearly relied upon a procedural default in denying relief pursuant to MCR 6.508(D)); *see also
Abela v. Martin*, 380 F.3d 915, 921-23 (6th Cir. 2004) (Michigan Supreme Court's reference to
MCR 6.508(D) was not a clear procedural default when Michigan Court of Appeals denied
relief for lack of merit in the grounds presented); *cf. Simpson v. Jones*, 238 F.3d 399, 407 (6th
Cir. 2000). Accordingly, the Court will proceed to address the merits of these claims.

Petitioner asserts that the prosecutor improperly bolstered Donald Grimmett's testimony
by arguing that it was supported by Shirley Johnson's testimony and that trial counsel was
ineffective for failing to object. To prevail on a prosecutorial misconduct claim, a habeas
petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness
as to make the resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643. As
discussed *supra*, this Court must determine whether the challenged statements were improper
and whether they were so flagrant as to result in a fundamentally unfair trial. *See Macias*, 291
F.3d at 452. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must
demonstrate that defense counsel's performance was deficient and that he was prejudiced by
counsel's conduct. *See Strickland*, 466 U.S. at 687-94.

The state trial court denied relief on the prosecutorial misconduct claim finding that the
prosecutor has great latitude in closing argument and can make reasonable inferences, that any
inaccuracy by the prosecutor was inadvertent, that the court instructed the jury that closing
arguments are not evidence, and that the prosecutor's inaccurate statement did not affect the

outcome of trial.  *See Macon*, No. 00-019048-FC-1 at *1-2.  The court also concluded that trial counsel was not ineffective for failing to object.  *Id.*

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  Even assuming that the prosecutor's argument was inaccurate, Petitioner has failed to establish that it was so flagrant as to deny him a fair trial.  Furthermore, trial counsel had the opportunity to refute the prosecutor's statements during defense arguments and any potential prejudice to Petitioner was alleviated by the trial court's instructions that the attorneys' arguments were not evidence.  Petitioner has failed to establish that the prosecutor's remarks deprived him of a fundamentally fair trial.  Additionally, given this determination, Petitioner cannot establish that counsel was ineffective under *Strickland* for not objecting to the prosecutor's remarks.  Habeas relief is not warranted on these claims.

### H.    Transcript Request/Ineffective Assistance of Counsel Claims

Petitioner next asserts that he is entitled to habeas relief because the trial court erred by refusing the jury's request for transcripts and claims that trial counsel was ineffective for failing to object.  In response to the jury's note, the trial court advised the jurors that obtaining certified transcripts would take some time and instructed them to continue deliberations and remember the testimony collectively.  The court did not foreclose the possibility of transcripts.  The jury subsequently reached a verdict without making a second request.  Respondent contends that this claims are barred by procedural default and lack merit.

Petitioner did not raise these claims on direct appeal of his convictions, but first presented them to the state courts in his first motion for relief from judgment.  As with the aforementioned prosecutorial misconduct/ineffective assistance of counsel claims, however, the

Court finds that these claims are not barred by procedural default and should be resolved on their merits. *See* discussion *supra*.

The state trial court denied relief on these claims finding that it had properly exercised its discretion by informing the jury to rely on its collective memory of the testimony and to send out a second request if necessary and finding that counsel was not ineffective in this regard. *See Macon*, No. 00-019048-FC-1 at *2.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner relies upon state law in making this claim, he fails to state a claim for upon which relief may be granted. It is well-settled that habeas relief may not be granted on the basis of a perceive state law error. *See, e.g., Estelle*, 502 U.S. at 67-68. In fact, there is no federal constitutional law which requires that a jury be provided with witness testimony. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 477 (6th Cir. 2006). No United States Supreme Court decision requires judges to re-read testimony of witnesses or to provide transcripts of testimony to jurors upon their request. *See Friday v. Straub*, 175 F. Supp.2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *See Bradley*, 192 Fed. Appx. at 477; *Spalla v. Foltz*, 615 F. Supp. 224, 233-34 (E.D. Mich. 1985). Second, the record shows that the trial court instructed the jurors to recall the testimony collectively and to continue deliberations, but did not foreclose the provision of transcripts. The jury resumed deliberations and returned a verdict. Petitioner has not shown how he was prejudiced by the trial court's actions. He has also failed to establish that trial counsel was ineffective in this regard. Habeas relief is not

23

warranted on these claims.

### I.     Insufficient Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence that he caused the death of the victim during a robbery. Respondent contends that this claim is barred by procedural default and lacks merit.

Petitioner did not raise this claim on direct appeal of his convictions, but first presented it to the state courts in his first motion for relief from judgment.  As with the aforementioned prosecutorial misconduct, transcript, and ineffective assistance of counsel claims, however, the Court finds that this claim is not barred by procedural default and should be addressed on its merits.  *See* discussion *supra*.

A habeas court reviews a claim that the evidence at trial was insufficient for a conviction by asking whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000).  This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Jackson*, 443 U.S. at 324 n. 16. When applying this standard, a habeas court does not re-weigh the evidence or redetermine the credibility of the witnesses.  *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).  "It is the province of the fact-finder to weight the probative value of the evidence and resolve any conflicts in testimony."  *Id*.  "The mere existence of sufficient evidence to convict...defeats a petitioner's claim."  *Id*. (citations omitted).

Under Michigan law, the elements of felony murder are:  (1) the killing of a human

24

being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result [i.e., malice], (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in the statute. *People v. Carines*, 460 Mich. 750, 759, 597 N.W.2d 130 (1999). The facts and circumstances of the killing may give rise to an inference of malice, including evidence that the defendant used a deadly weapon. *Id*.

Applying the *Jackson* standard, the state trial court denied relief on this claim finding that the prosecution had proven the essential elements of felony murder, including that Petitioner killed the victim during the course of a robbery or attempted robbery. *See Macon*, No. 00-019048-FC-1 at *3-4.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The testimony of Donald Grimmett, as set forth in the trial court's opinion, establishes that Petitioner pulled out a gun and indicated that he intended to commit the robbery by stating, "give it up." *See* 9/28/01 Trial Tr., pp. 98-99. Given such testimony, and the circumstances of the crime, a rational jury could reasonably conclude that Petitioner killed the victim during the course of a robbery so as to support his first-degree felony murder conviction. Petitioner's insufficient evidence claim essentially challenges the inferences the jury drew from the evidence presented at trial. It is well-settled, however, that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the trier of fact, not a

federal habeas court, to resolve evidentiary conflicts, and this Court must presume that the trier of fact resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326. The state court's decision was reasonable. Habeas relief is not warranted on this claim.

### J.      Ineffective Assistance of Appellate Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the above issues on direct appeal. Respondent contends that this claim lacks merit. This Court agrees. Petitioner cannot establish that appellate counsel was ineffective under the standard set forth in *Strickland, supra*, as the foregoing claims lack merit. Habeas relief is therefore not warranted on this claim.

### K.      Non-Disclosure of Evidence Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution failed to disclose evidence of a deal given to a prosecution witness. Petitioner claims that the prosecution must have given a deal to James Grimmett because witness Maureen Thomas testified that she saw James Grimmett take money from Ornial Henderson's pockets and presumably James Grimmett was not charged with a crime. Respondent contends that this claim is barred by procedural default because Petitioner first presented it in his second motion for relief from judgment and the Michigan Supreme Court denied relief based upon Michigan Court Rule 6.502(G).

As noted, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See* discussion *supra*. In this case, the Michigan courts considered Petitioner's motion as a second motion for relief from judgment and denied it pursuant to Michigan Court Rule 6.502(G). That rule

provides that, after August 1, 1995, a Michigan criminal defendant is allowed to file one and only one motion for relief from judgment in state court with regard to a conviction unless a second or subsequent motion is based upon a retroactive change in the law or newly-discovered evidence. *See* Mich. Ct. R. 6.502(G)(1), (2). The state courts thus clearly and expressly relied upon an independent and adequate state procedural rule in denying this claim.

Because Petitioner has defaulted this claim in the state courts, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice, or show that failure to consider the claims will result in a fundamental miscarriage of justice. *See, e.g., Coleman*, 501 U.S. at 750. Petitioner neither alleges nor establishes cause to excuse this procedural default. The fact that he is untrained in the law or was unfamiliar with Michigan's procedural rules does not provide a basis for establishing cause. *See, e.g., Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (petitioner's *pro se* status and ignorance of rights did not constitute cause excusing his failure to properly raise claims in state courts); *accord Gilkey v. Kansas*, 58 Fed. Appx. 819, 822, 2003 WL 245639 (10th Cir. 2003) (citing *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991)); *Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir. 1992). Further, Petitioner's lack of legal representation on collateral review in the state courts does not constitute cause as there is no constitutional right to counsel in state post-conviction proceedings. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases including *Coleman,* 501 U.S. at 752); *see also Paffhousen v. Grayson*, 238 F.3d 423, 2000 WL 1888659, *2 (6th Cir. 2000).

A federal court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533

27

(1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court finds that Petitioner cannot establish prejudice as this claim lacks merit.

A prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432-36 (1995). The duty to disclose favorable evidence includes the duty to disclose impeachment evidence. *Bagley, supra*; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also Mullins v. United States*, 22 F.3d 1365, 1370-71 (6th Cir. 1994). There is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source. *See Carter v. Bell*, 218 F.3d 581, 601-03 (6th Cir. 2000); *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998). Thus, in order to establish a *Brady* claim, a petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to the petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *See Carter*, 218 F.3d at 601; *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

28

In this case, Petitioner has failed to demonstrate that the prosecution withheld impeachment evidence of any "deal" with James Grimmett which would have affected the outcome at trial. The record does not indicate that the police charged or intended to charge James Grimmett with a crime. Moreover, Petitioner has not shown that James Grimmett's police interview transcript was unavailable to the defense before or during trial. The defense knew or should have known that James Grimmett had been interviewed by police and had ample opportunity to question him about such matters. Petitioner has failed to establish a *Brady* violation. He has also not shown that a fundamental miscarriage of justice has occurred. *See* discussion, *supra*. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

## IV.   <u>Conclusion</u>

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for writ of habeas corpus shall be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating

that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists would not find the Court's procedural ruling on his defaulted claims debatable. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


                                    s/John Corbett O'Meara
                                    United States District Judge


Date:  January 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 23, 2009, by electronic and/or ordinary mail.

<u>s/William Barkholz</u>
Case Manager